UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

                Plaintiff,

v.                                                    Case No. 20-cv-1631-pp

ANGIE WOLLENHAUPT, *et al.*,

                Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 19)

Plaintiff Stephen Hall, who is confined at the Waupun Correctional Institution and representing himself, filed this case alleging that the defendants violated his rights when he was confined at the Waukesha County Jail. Dkt. No. 1. On September 8, 2021, the court screened the complaint and allowed the plaintiff to proceed on a claim that the defendants violated his rights to practice his religion under the First and Fourteenth Amendments to the United States Constitution. Dkt. No. 16 at 6. On December 20, 2021, the plaintiff filed a motion for default judgment against "defendants Angie Wollenhaupt, et al." for failure to answer or otherwise defend. Dkt. No. 19.

      Federal Rule of Civil Procedure 55 states in relevant part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure to shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). The party against whom judgment is sought must have been properly served with process. 10A Charles Alan Wright & Arthur R. Miller,

1

Federal Practice and Procedure §2682 (4th ed. April 2021 Update). A defendant shall serve an answer "within 21 days after being served with the summons and complaint" or "if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent[.]" Fed. R. Civ. P. 12(a)(1)(A)(i) and (ii).

The court's September 8, 2021 screening order directed the United States Marshals Service to serve the defendants under Federal Rule of Civil Procedure 4. Dkt. No. 16 at 13. Unfortunately, clerk's office staff inadvertently failed to transmit the notice, waiver, complaint and screening order to the Marshals Service for service upon the defendants until December 13, 2021. By the time the court received the plaintiff's motion for default judgment on December 20, 2021, more than three months had passed since the court had issued the screening order. Although the plaintiff is correct that the defendants had not answered the complaint by the time he filed his motion, the reason they had not done so is because they did not know that the plaintiff had sued them.

In cases where the plaintiff is incarcerated and proceeds without prepaying the filing fee, defendants are not required to answer the complaint until the court orders them to do so and arranges for service on the defendants. See 28 U.S.C. §1915A(a); 28 U.S.C. §1915(d); Fed. R. Civ. P. 4(c)(3). The defendants are not at fault for failing to answer a complaint they did not know about until after December 13, 2021 and they are not in default.

On December 29, 2021, waivers of service were returned executed for all defendants and the next day counsel filed a notice of appearance on behalf of

the defendants. On January 17, 2022, the defendants filed their answer to the complaint, dkt. no. 33, and the court since has issued a scheduling order setting dates for completing discovery and filing dispositive motions, dkt. no. 34.

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 3rd day of March, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
