STEPHEN HALL,

                Plaintiff,

v.                                                        Case No. 20-cv-1631-pp

ANGIE WOLLENHAUPT, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 51), SCREENING COMPLAINT, GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 56) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR DECISION (DKT. NO. 59)**

        Plaintiff Stephen Hall, who is representing himself, was incarcerated when he filed this complaint alleging that the defendants violated his rights when he was confined at the Waukesha County Jail. The court screened the complaint and allowed the plaintiff to proceed on claims that the defendants prevented him from participating in his religious fast in violation of his rights under the First and Fourteenth Amendments. Dkt. No. 16 at 6. The plaintiff since has filed a motion to amend the complaint (Dkt. No. 51), a proposed amended complaint (Dkt. No. 51-1), a request for extension of time to respond to the defendants' response to his motion to amend (Dkt. No. 56), an updated proposed amended complaint (Dkt. No. 57), a brief in support of his motion to amend (Dkt. No. 58) and a request that the court issue a decision on the motion to amend the complaint (Dkt. No. 59).

        In his motion to amend the complaint, the plaintiff asks to add Lieutenant Fiscal and Lieutenant Shallow as defendants and to add additional claims. Dkt. No. 51 at ¶1. He explains that since filing the complaint, he has

learned through discovery that the actual respondent or interviewer described in paragraphs 16 and 17 of his proposed amended complaint was Lieutenant Fiscal. Id. at ¶2. The plaintiff also states that he added Lieutenant Shallow as a defendant, as detailed in paragraphs 30 and 40 of the proposed amended complaint. Id. at ¶4.

The defendants oppose the motion to amend. Dkt. No. 55. They assert that the proposed amended complaint is confusing because its introductory paragraph references excessive force and equal protection claims as well as violations of Wisconsin state law (including torts of assault and battery, negligence and failure to intervene). Id. at 2. According to the defendants, these new claims do not appear to have a factual basis in the proposed amended complaint allegations and do not relate to the plaintiff's claim that the defendants violated his First Amendment rights with respect to his religious diet. Id. The defendants contend that allowing the plaintiff to amend his complaint would result in undue delay and unfair prejudice. Id. at 5-6. They also argue that the court should deny the motion because it would be futile to allow the plaintiff to proceed on several of his new claims. Id. at 6-7.

On November 30, 2022 (twenty days after the defendants filed their response to the plaintiff's motion to amend), the court received from the plaintiff a motion for an extension of time to file his response to the defendants' response to his motion to amend. Dkt. No. 56. The plaintiff stated that his institution had been understaffed which had led to very limited time in the library. Id. The plaintiff asked the court to give him until December 15, 2022 by

which to file his response. Id. The defendants did not file a response to the plaintiff's motion for extension of time and the court will grant the motion.[1]

Also on November 30, 2022, the court received from the plaintiff an updated proposed amended complaint. Dkt. No. 57. One week later, the court received from the plaintiff a brief in support of his motion for leave to amend the complaint. Dkt. No. 58. In the brief, the plaintiff reiterated that he did not learn about the allegations against Fiscal and Shallow until August 31, 2022, when he received the defendants' responses to his first discovery request. Dkt. No. 58 at 1. He also acknowledged that his proposed amended complaint contained some mistakes "from [his] other section 1983" case, and asserted that he had remedied those mistakes with the updated proposed amended complaint he submitted on November 30, 2022. Id. at 2-3.

Leave to amend a pleading should be freely given "when justice so requires." See Federal Rule of Civil Procedure 15(a)(2). The decision regarding whether to allow the amendment is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Id. at 182; see also White v. Woods., 48 F.4th 853, 860-61 (7th. Cir. 2022) ("[D]istrict courts 'may deny leave to amend . . . where there is a good reason to do so, such as futility, undue delay, prejudice, or bad faith.'").

---

[1] Although not entirely clear, it appears that the plaintiff intended his December 7, 2022 brief in support of his motion to amend the complaint (Dkt. No. 58) to be his "response" to the defendants' response to his motion to amend.

3

The plaintiff filed his motion to amend within a reasonable time because he did not learn of the new defendants' alleged involvement until he received the existing defendants' discovery responses. Allowing the amendment would not prejudice the defendants because the court has stayed the other deadlines in the case. The plaintiff has provided an explanation for the confusing parts of his proposed amended complaint, and he provided an updated proposed amended complaint. The court will screen the updated proposed amended complaint under 28 U.S.C. §1915A to determine whether the plaintiff can proceed on the new claims and against the new defendants identified in that pleading.

**I.    Screening the Updated Proposed Amended Complaint (Dkt. No. 57)**

A.    Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Fed. R. Civ. P. 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to

"state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations and Analysis

For the most part, the plaintiff's updated proposed amended complaint reiterates the allegations from his original complaint. Dkt. Nos. 1, 57. The court already has ruled that the plaintiff can proceed on a First Amendment free exercise of religion claim based on these allegations:

> "Prisoners retain the right to exercise their religious beliefs, although that right is not unfettered." Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009). Where prison officials "personally and unjustifiably place[ ] a substantial burden on [an inmate's] religious practices," they may violate an inmate's constitutional rights. Thompson v. Holm, 809 F.3d 376, 379-80 (7th Cir. 2016) ("We have repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden."). "A substantial burden '[p]uts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Id. (quoting Thomas v. Review Bd., 450 U.S. 707, 717-718 (1981)). "A burden is unjustified if it is not reasonably related to a legitimate penological

5

> interest." Id. To determine whether the burden is justified, a court must consider "(1) whether the restriction 'is rationally related to a legitimate and neutral governmental objective'; (2) 'whether there are alternative means of exercising the right that remain open to the inmate'; (3) 'what impact an accommodation of the asserted right will have on guards and other inmates;' and (4) 'whether there are obvious alternatives to the [restriction] that show that it is an exaggerated response to [penological] concerns.'" Id. (quoting Lindell v. Frank, 377 F.3d 655, 657 (7th Cir. 2004)).
>
> The plaintiff has not identified his religious faith, but in 2020, Ramadan (the month of fasting, prayer, giving and self-reflection observed by Muslims) was April 23 through May 23. https://www.calendardate.com/ramadan_2020.htm. Regardless, the plaintiff has asserted that his religious faith required him to fast and that the defendants knew this but prevented him from doing so by not allowing him to save his food until after sundown. As to the various captains and correctional officers, the plaintiff has stated sufficient facts to allow him to proceed on a claim that they violated his First Amendment rights to practice his religion. He also alleges that in ruling on his inmate grievances, the jail administrator defendants—Gaber, Wollenhaupt and Giese—told him that he was not going to be allowed to practice his faith, facts sufficient to allow him to proceed on a claim that they violated his First and Fourteenth Amendment rights.

Dkt. No. 16 at 5-6.

In the updated proposed amended complaint, the plaintiff alleges that the individual who told him on April 30, 2020 that he would not be allowed to practice his religion at the jail by fasting because he did not provide the name and location of his religious center is new defendant Lieutenant Fiscal, and not Captain Gabor as alleged in the original complaint. Dkt. No. 58 at 1-2; Dkt. No. 57 at ¶¶16-17; Dkt. No. 1 at ¶13. Based on these allegations, the court will allow the plaintiff to proceed on his First Amendment claim against Fiscal. The plaintiff seems also to want to proceed against Fiscal on Wisconsin state law claims of failure to intervene or negligence based on these allegations. Dkt. No. 57 at ¶40. The plaintiff has alleged a substantive First Amendment claim against Fiscal; it makes no sense for the court to allow him to proceed on a

6

claim that Fiscal failed to intervene in Fiscal's own alleged constitutional violations.

The updated proposed amended complaint includes new allegations that on May 21, 2020, the plaintiff notified Captain Gabor that Captain Greenwald was interfering with the plaintiff's right to practice his religion by fasting and that Gabor told the plaintiff that if the plaintiff could not provide the name of his place of worship so they could verify his religion, he would not be allowed to participate in the fast. Dkt. No. 58 at 2; Dkt. No. 57 at ¶¶20-21. The court will allow the plaintiff to proceed on these new allegations against Gabor.

The plaintiff also alleges that on June 26, 2020, new defendant Lieutenant Shallow responded to the plaintiff's inmate complaint raising the issue of jail staff's interference with his religious rights. Dkt. No. 57 at ¶30. He alleges that Shallow claimed not to know anything about the plaintiff's fast or why it had not been approved, said that the plaintiff should follow up with the deputy jail administrator (defendant Angela Wollenhaupt) and did not to do anything else about it. Id.; Dkt. No. 58 at 2. The plaintiff claims that Shallow had supervisory authority and that she "failed to intervene and/or neglected to protect" his First Amendment right to freely practice his religion. Dkt. No. 57 at ¶40.

Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). For an employee to be liable under §1983, the individual employee must have caused or participated in a constitutional violation. Hildebrandt v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003). Regarding supervisors, the personal responsibility requirement is satisfied only if the constitutional deprivation occurs at the supervisor's

direction or with the supervisor's knowledge and consent. Id. In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). The plaintiff has not alleged that Shallow turned a blind eye to the issues raised in the plaintiff's inmate complaint. Rather, he alleges that she told him she didn't know anything about his fast and that he should ask the deputy jail administrator about it. The plaintiff has not alleged that Shallow had any personal involvement in the alleged interference with his religious rights, and the court will not allow him to proceed on a claim against Shallow under federal or state law.

Finally, the plaintiff wants to add a claim that the defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Dkt. No. 57 at §41. The Act (RLUIPA) permits only declaratory or injunctive relief. See 42 U.S.C. §2000cc-2(f). A claim under the Act becomes moot when a realistic possibility of future violations no longer remains. Maddox v. Love, 655 F.3d 709, 716-17 (7th Cir. 2011). A transfer from the complained-about institution generally moots equitable and declaratory claims. Ortiz v. Downey, 561 F.3d 664, 668 (7th Cir. 2009) (citing Young v. Lane, 922 F.2d 370, 373 (7th Cir. 1991)). The plaintiff may not proceed on a claim under RLUIPA because he no longer is incarcerated at the Waukesha County Jail.

Because it would not be futile to allow the plaintiff to amend the complaint, the court will grant his motion to amend. The updated proposed amended complaint (Dkt. No. 57) is the operative complaint. The plaintiff may proceed on a First Amendment free exercise of religion claim against defendants Wollenhaupt, Giese, Gabor, Greenwald, Fiscal, Grace, Jackson, Perez and Cattani. The court will order service of the updated proposed

amended complaint on defendant Fiscal and will order all defendants to answer or otherwise respond to the updated proposed amended complaint. The plaintiff has not stated a claim against defendant Shallow and the court will dismiss her.

## II. Plaintiff's Motion for Decision (Dkt. No. 59)

The plaintiff has filed a motion asking the court to issue a decision on his motion to amend the complaint. Dkt. No. 59. He stated that at the time he filed the motion, it had been over three months since he filed his motion to amend and he cited Fed. R. Civ. P. 1, presumably intending to signal to the court that it already should have addressed his motion to amend.[2] The plaintiff's motion did not mention that since filing the motion to amend last fall, he had filed a motion for extension of time to file a response, an updated proposed amended complaint correcting errors with his first proposed amended complaint and a brief supporting his motion to amend. It has taken the court almost seven months to rule on the plaintiff's motion; the court understands that that does not look like "speedy" administration of justice. But the court has hundreds of other cases, and the fact that the plaintiff continued to file pleadings after the defendants had responded to his motion to amend extended the process. The court now has ruled; the plaintiff's request for a decision is moot.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to file amended complaint. Dkt. No. 51.

The court **ORDERS** the clerk to docket the updated proposed amended complaint (Dkt. No. 57) as the operative complaint. The plaintiff may proceed

---

[2] Rule 1 says that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

9

against defendants Wollenhaupt, Giese, Gabor, Greenwald, Fiscal, Grace, Jackson, Perez and Cattani on the claims described above. The court **DIRECTS** the Clerk of Court to add defendant Lieutenant Fiscal to the docket.

The court **ORDERS** that defendant Lieutenant Shallow is dismissed.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the updated proposed amended complaint (Dkt. No. 57) and this order on defendant Lieutenant Fiscal under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** the defendants to answer or otherwise respond to the amended complaint.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 56.

The court **DENIES AS MOOT** the plaintiff's request for decision. Dkt. No. 59.

Dated in Milwaukee, Wisconsin, this 8th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**