STEPHEN HALL,

                Plaintiff,

v.                                            Case No. 20-cv-1631-pp

ANGIE WOLLENHAUPT, *et al.*,

                Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 70) AND DISMISSING CASE**

      In October 2020, Stephen Hall—representing himself—filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights when he was incarcerated at the Waukesha County Jail. Dkt. No. 1. The court issued a scheduling order in January 2022, dkt. no. 34, and over the next year and a half the parties engaged in litigation regarding discovery; the court also granted the plaintiff's motion to amend the complaint, dkt. no. 60. The defendants answered the amended complaint on June 20, 2023 and August 21, 2023. Dkt. Nos. 62, 67. On November 7, 2023, the defendants filed a motion to dismiss the case for failure to prosecute. Dkt. No. 70. On November 8, 2023, the court issued an order advising the plaintiff that his response to the motion to dismiss was due by the end of the day on November 28, 2023. Dkt. No. 74. The court stated that if it had not received the plaintiff's response to the motion to dismiss by November 28, 2023, it might dismiss the case with prejudice. Id. The November 28, 2023 deadline has passed and the court has

not received a response from the plaintiff. The court will resolve the motion to dismiss without input from the plaintiff.

**I.     Motion to Dismiss**

The defendants seek dismissal under Federal Rule of Civil Procedure 41(b). Dkt. No. 70. They argue that the court should dismiss the case because they have sent the plaintiff authorizations to obtain medical and other records but both requests were returned as undeliverable. Dkt. No. 71 at 2. The defendants say that they mailed the requests to the plaintiff at his last known address. Id. They state that the plaintiff has not recently updated his address with defense counsel or the court. Id. The defendants also state that since the plaintiff's release from prison in early spring 2023, he has not had any contact with defense counsel. Id. According to the defendants, without the information in the records they have asked the plaintiff to authorize them to receive, they cannot fully evaluate potential arguments for summary judgment. Id. at 3. They contend that the plaintiff's refusal to comply with his basic discovery obligations demonstrates an unwillingness to follow applicable rules and they request that the court dismiss this case with prejudice. Id.

Federal Rule of Civil Procedure 41(b) states in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The defendants move for dismissal based not only on the plaintiff's failure to respond to discovery requests, but also because the documents they mailed to him have been returned as undeliverable.

When the plaintiff filed the complaint in October 2020, he was in the Waukesha County Jail. Dkt. No. 1 at 2. On February 1, 2021, the clerk's office received from the plaintiff a notice that his address had changed to Dodge Correctional Institution. Dkt. No. 14. On June 17, 2021, the court received a letter from the plaintiff showing that he had been transferred to Waupun Correctional Institution. Dkt. No. 15. The Wisconsin Department of Corrections locator website shows that the plaintiff remained at Waupun from March 5, 2021 through March 7, 2023, when he was released on extended supervision. https://appsdoc.wi.gov/lop/details/detail (for Stephen A. Hall, DOC #696340). The plaintiff did not update his address with the court after his release from prison.[1] The last communication the court had from the plaintiff was on January 18, 2023, when it received from him a motion asking for a decision on another motion he'd filed. Dkt. No. 59. The defendants, however, were able to obtain an address for the plaintiff, because on June 20, 2023, they filed a

---

[1] The plaintiff has filed several cases in this district. On June 13, 2023, the court dismissed Hall v. Adams, Case No. 23-cv-101 because, although the plaintiff had notified the court in early March 2023 that he was about to be released from prison and although the court extended to May 31, 2023 the deadline for the plaintiff to pay the initial partial filing fee, the court did not receive that fee and did not hear from the plaintiff again after his March notification of his impending release. On November 22, 2023, the court dismissed Hall v. Stefonek, Case No. 20-cv-1632, because the plaintiff had not advised the court of his post-release address and had not communicated with the court since January 2023. The plaintiff has two cases still pending: Hall v. Wild, Case No. 21-cv-1056 and Hall v. Burgess, Case No. 22-cv-901. In the Wild case, the court last heard from the plaintiff when he paid his initial partial filing fee on November 3, 2022; the defendants have filed a motion to dismiss because the plaintiff did not respond to their motion for partial summary judgment. In the Burgess case, the court received the initial partial filing fee on September 14, 2022 and has received nothing from the plaintiff since; the defendants have filed a motion to dismiss.

certificate of service of their answer to the amended complaint; that certificate shows that the defendants served the plaintiff at 1104 E. Main Street, #4, Waukesha, Wisconsin 53186. Dkt. No. 63.[2] The certificate of service for the defendants' motion to dismiss shows that they served that motion on the plaintiff at the same Waukesha address. Dkt. No. 73.

When the court issued its November 8, 2023 order advising the plaintiff of the deadline by which he must file his opposition to the motion to dismiss, the court mailed the order to the plaintiff at the Waukesha address. The order has not been returned as undeliverable and the court has no reason to believe the plaintiff did not receive it. The court previously had mailed other orders to the plaintiff at that address; none of them were returned as undeliverable.

The court advised the plaintiff that it was his responsibility to notify the court if he was released from custody and that if he did not keep the court advised of his address the court might dismiss his case. Dkt. No. 16 at 14-15; Dkt. No. 34 at 2. The court's November 8, 2023 order advised the plaintiff of his deadline to respond to the motion to dismiss and warned him that it might dismiss the case if he didn't file a response. Dkt. No. 74. Because the court has not heard from the plaintiff in ten months, and he has not provided the court with his new address, and he has not returned signed authorizations/releases to the defendants and the plaintiff has not responded to the motion to dismiss, it appears that he is no longer prosecuting the case. The court will grant the

---

[2] The court updated the docket to reflect this address.

defendants' motion to dismiss. See Shaffer v. Lashbrook, 962 F.3d 313, 315-16 (7th Cir. 2020).

## II. Conclusion

The court **GRANTS** the defendants' motion to dismiss for failure to prosecute. Dkt. No. 70.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of December, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:20-cv-01631-PP   Filed 12/12/23   Page 6 of 6   Document 75